UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEVEN MUSSINGTON,

                      Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. JOHN GONIS, Shield No.: 23609, P.O. PETR JANAK, Shield No.: 29315, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------X

**COMPLAINT**

14-cv-01631 (KPF)

**JURY TRIAL DEMANDED**

      Plaintiff, STEVEN MUSSINGTON, by his attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, P.O. JOHN GONIS, P.O. PETR JANAK, and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On or about May 4, 2013, at approximately 2:00 A.M., plaintiff STEVEN MUSSINGTON was lawfully present at the corner of 113th Street and St. Nicholas Avenue, in the County, City and State of New York.

14. Plaintiff STEVEN MUSSINGTON was in a large group of approximately 15 individuals.

15. Thereafter, defendant police officers approached plaintiff STEVEN MUSSINGTON, and began to follow the plaintiff.

16. Defendant police officers then, without probable cause to do so, proceeded to stop plaintiff STEVEN MUSSINGTON, demanding to know "where the gun is."

17. Defendant police officers then, without probable cause to do so, proceeded to search plaintiff STEVEN MUSSINGTON.

18. Defendant police officers, upon searching plaintiff STEVEN MUSSINGTON, did not recover any firearm, amy weapon or any contraband on plaintiff STEVEN MUSSINGTON.

19. Defendant police officers, upon searching plaintiff STEVEN MUSSINGTON, did not recover any narcotics from plaintiff STEVEN MUSSINGTON.

20. Nevertheless, plaintiff STEVEN MUSSINGTON was arrested and charged with, Criminal Possession of a Controlled Substance in the Third Degree.

21. At no time on May 4, 2013, did plaintiff STEVEN MUSSINGTON *ever* possess any narcotics of any kind.

22. Despite finding no narcotics, defendants arrested plaintiff STEVEN MUSSINGTON and transferred him to the 28th police precinct, where he spent approximately six (6) hours in custody.

23. While at the 28th police precinct, defendant police officers stated "all this for crack?!?" and proceeded to show plaintiff STEVEN MUSSINGTON a black plastic bag allegedly filled with crack/cocaine viles.

24. Plaintiff STEVEN MUSSINGTON had *never* seen this plastic bag before.

25. There were no fingerprints connecting plaintiff STEVEN MUSSINGTON to this bag.

26. There was no DNA evidence connecting plaintiff SEVEN MUSSINGTON to this bag.

27. Plaintiff STEVEN MUSSINGTON was then transported to Central Booking, and thereafter remained in police custody for approximately seven (7) days.

28. In connection with this arrest, defendants filled out false and misleading police reports and forwarded these reports to proecutors in the New York County District Attorney's Office.

29. Specifically, defendant P.O. John Gonis maliciously and deliberately lied about his claim that he observed plaintiff STEVEN MUSSINGTON throw the bag containing narcotics.

30. On November 7, 2013, plaintiff STEVEN MUSSINGTON was found not guilty by a jury in a trial presided over by the Hon. Daniel Conviser.

31. As a result of the foregoing, plaintiff STEVEN MUSSINGTON sustained, *inter alia*, loss of liberty for seven (7) days, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

34. All of the aforementioned acts deprived plaintiff STEVEN MUSSINGTON of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York, the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     As a result of defendants' aforementioned conduct, plaintiff STEVEN MUSSINGTON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

40.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Defendants misrepresented and falsified evidence before the District Attorney.

43.     Defendants did not make a complete and full statement of facts to the District Attorney.

44.     Defendants withheld exculpatory evidence from the District Attorney.

45.     Defendants were directly and actively involved in the initiation of criminal proceedings against STEVEN MUSSINGTON.

46.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff STEVEN MUSSINGTON.

47.     Defendants acted with malice in initiating criminal proceedings against plaintiff STEVEN MUSSINGTON.

48.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff STEVEN MUSSINGTON.

49. Defendants lacked probable cause to continue criminal proceedings against plaintiff STEVEN MUSSINGTON.

50. Defendants acted with malice in continuing criminal proceedings against STEVEN MUSSINGTON.

51. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

52. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff STEVEN MUSSINGTON's favor on November 7, 2013, when he was found not guilty by a jury.

53. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FORTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" as if the same were more fully set forth at length herein.

55. Defendant police officers had an affirmative duty to intervene to protect the constitutional rights of plaintiff STEVEN MUSSINGTON from being violated by other police officers in their presence.

56. Defendant police officers violated plaintiff STEVEN MUSSINGTON's constitutional rights in the presence of their police officer colleagues.

57. Defendant police officers had reason to know plaintiff's constitutional rights were being violated.

58.     Defendant police officers had a realistic opportunity to intervene to prevent the harm from occurring to plaintiff, but failed to do so.

59.     Notwithstanding this opportunity, defendant police officers failed to intervene to prevent the violations of plaintiff STEVEN MUSSINGTON's constitutional rights.

60.     As a result of the foregoing, plaintiff STEVEN MUSSINGTON sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" as if the same were more fully set forth at length herein.

62.     Defendants created false evidence against plaintiff STEVEN MUSSINGTON.

63.     Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's Office.

64.     In creating false evidence against plaintiff STEVEN MUSSINGTON, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

65.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. The aforementioned individual defendants issued legal process to place plaintiff STEVEN MUSSINGTON under arrest.

68. The aforementioned individual defendants arrest plaintiff STEVEN MUSSINGTON in order to obtain a collateral objective outside the legitimate ends of the legal process.

69. The aforementioned individual defendants acted with intent to do harm to plaintiff STEVEN MUSSINGTON, without excuse or justification.

70. As a result of the foregoing, plaintiff STEVEN MUSSINGTON sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "70" as if the same were more fully set forth at length herein.

72. Defendants arrested and incarcerated plaintiff STEVEN MUSSINGTON in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

73. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

74. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York, and the New York City Police Department, all under the supervision of ranking officers of said department.

75. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff STEVEN MUSSINGTON.

76. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff STEVEN MUSSINGTON as alleged herein.

77. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff STEVEN MUSSINGTON, as alleged herein.

78. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department, plaintiff STEVEN MUSSINGTON was incarcerated unlawfully for seven (7) days.

79. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff STEVEN MUSSINGTON.

80. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff STEVEN MUSSINGTON's constitutional rights.

81. All of the foregoing acts by defendants deprived plaintiff STEVEN MUSSINGTON of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from unwarranted and malicious criminal prosecution;

  D. Not to have cruel and unusual punishment imposed upon him; and

  E. To receive equal protection under the law.

**WHEREFORE**, plaintiff STEVEN MUSSINGTON demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
   March 5, 2014

BY: _____
JON L. NORINSBERG (JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396